UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Michael R. Ray**, # 40860-019, | ) C/A No. 4:06-1201-RBH-TER |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| **Matthew B. Hamidullah**, Warden of FCI-Estill; and **Federal Bureau of Prisons**, | ) |
| Respondents. | ) |

_____

# *Background of this Case*

This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. The petitioner is a federal prisoner. The State of New Jersey has requested that the Federal Bureau of Prisons transfer the petitioner to New Jersey for temporary custody under the Interstate Agreement on Detainers ("IAD"). In New Jersey, the petitioner is charged with theft by deception (third degree), bail jumping (third and fourth degree), forgery (third degree), and falsifying records (fourth degree). The petitioner seeks a pre-transfer hearing under the holding in <u>Cuyler v. Adams</u>, 449 U.S. 433 (1981).

1

The petitioner originally sent the pleadings in the above-captioned case to the United States Court of Appeals for the Fourth Circuit. On April 13, 2006, a panel of the United States Court of Appeals for the Fourth Circuit granted "IFP" status to the petitioner (Fourth Circuit No. 06-6511) and forwarded the pleadings to the District of South Carolina. The Clerk of Court has docketed the pleadings and has noted on the docket sheet of the above-captioned case that the petitioner already has *in forma pauperis* status by virtue of the order of the United States Court of Appeals for the Fourth Circuit.

Although is not clear from the petition whether the pending charges in the State of New Jersey arise out of the same events which gave rise to the petitioner's federal convictions, part of petitioner's Exhibit D suggests that the pending New Jersey charges arise out of the same events. *See* letter of July 20, 2004, from Attorney Louis Barbone to Deputy Attorney Kerry L. Menchen, which is part of part of petitioner's Exhibit D (Entry No. 1).[1] The

---

[1] Both state and federal criminal charges may arise from the same conduct. *See* Rinaldi v. United States, 434 U.S. 22, 28, 54 L.Ed.2d 207, 98 S.Ct. 81 (1977)("dual sovereignty" doctrine); United States v. Woolfolk, 399 F.3d 590, 595, 2005 U.S.App. LEXIS® 3504 (4th Cir. 2005)(collecting cases); and United States v. Louisville Edible Oil Products, Inc., 926 F.2d 584, 587, 1991 U.S.App. LEXIS® 3371 (6th Cir.)(explaining that the "dual sovereignty" doctrine recognizes the power of state and federal authorities to bring separate criminal suits against a defendant arising out of the same underlying conduct), *cert. denied*, 502 U.S. 859, 116 L.Ed.2d 140, 112 S.Ct. 177, 1991 U.S. LEXIS® 5460 (1991).

petitioner contends that the courts of New Jersey have ignored the pleadings that he has attempted to file in both state and federal courts in New Jersey.

# *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

F.2d 948 (4th Cir. 1979).³  This court is required to construe *pro se* complaints, petitions, and pleadings liberally.  Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the Section 2254 petition in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department</u>

---

³<u>Boyce</u> has been held by some authorities to have been abrogated in part, on other grounds, by <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989)(insofar as <u>Neitzke</u> establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to the pending criminal charges in New Jersey, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). *Cf.* Hamlin v. Warren, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981), *cert. denied*, 455 U.S. 911 (1982).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990).  In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  Cinema Blue of Charlotte, Inc. v. Gilchrist, supra, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  *See also* Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).  In Bonner v. Circuit Court of St.

---

[4]Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

Louis, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

In any event, it is clear that the petitioner has not exhausted his state remedies. The judgment in the petitioner's criminal case will not become final until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. State v. Morton, 155 N.J. 383, 715 A.2d 228, 1998 N.J. LEXIS® 646 (1998), *cert. denied*, Morton v. New Jersey, 532 U.S. 931, 149 L.Ed.2d 306 121 S.Ct. 1380, 2001 U.S. LEXIS® 2358 (2001). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See, e.g.*, State v. Franklin, 184 N.J. 516, 878 A.2d 757, 2005 N.J. LEXIS® 937 (2005)(granting post-conviction relief to prisoner challenging sentence enhancement under New Jersey's "Graves" Act).

It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056,

1989 U.S. LEXIS® 1040 (1989).  Secondly, the United States Court of Appeals for the Fourth Circuit has held that an application for post-conviction relief is a viable state court remedy.  *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977)(South Carolina's post-conviction statutes are a viable state court remedy), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).  Hence, New Jersey's Procedures and Rules for Post-Conviction Relief set forth in Rule 3:22-1 of the New Jersey Rules Concerning Criminal Practice[5] constitute a viable state court remedy.[6]

---

[5] Unlike South Carolina, New Jersey is one of the few States that has not enacted a statutory mechanism for post-conviction relief.  New Jersey's post-conviction remedy is established by court rule.  *See* State v. McIlhenny, 333 N.J.Super. 85, 754 A.2d 605, 2000 N.J. Super. LEXIS® 289 (2000); and State v. Rue, 175 N.J.1, 15, 811 A.2d 425, 434, 2002 N.J. LEXIS® 1639 (2002)("In reaching that conclusion, the history of our PCR rule is instructive. Its predecessor, Rule 3:10A-6(d) was enacted in 1963 the wake of numerous federal and state initiatives to standardize post-conviction relief procedures").

[6] As earlier stated, one of the pending New Jersey charges is bail jumping.  Many state and federal courts apply the doctrine of "fugitive disentitlement" until the escapee is brought back to the jurisdiction from which he or she escaped.  For example, several prisoners who have escaped from prisons or jails in South Carolina in the past have asked this court to make collateral reviews of their convictions under 28 U.S.C. § 2254 even though they, by escaping and committing crimes in other jurisdictions (state and federal), have made it impossible for the courts of South Carolina to review their alleged claims for federal relief, and thereby satisfy the exhaustion requirement now embedded in the federal habeas corpus statute, 28 U.S.C. § 2254(b).  *See, e.g.*, Fowler v. Leeke, 509 F. Supp. 544, 545-546, 61 A.L.R.Fed. 924 (D.S.C. 1979), *certificate of probable cause denied and appeal dismissed*, 644 F.2d 878 (4th Cir. 1981)[Table]; and Lanier v. United States, 123 F.3d 945, 946, 1997 U.S.App. LEXIS® 23717 (6th Cir.1997)("Pursuant to this doctrine of fugitive disentitlement, we have dismissed the direct appeals of defendants who have fled the jurisdiction during an appeal and remained at large."), *cert. denied*, 523 U.S. 1011, 140

(continued...)

The petitioner's claims under the Interstate Agreement on Detainers ("IAD") are already the subject of a pending habeas corpus action. *See* pleadings in Michael R. Ray v. State of New Jersey; and Matthew B. Hamidullah, Warden of FCI-Estill, Civil Action No. 4:06-1178-RBH-TER. In an order (Entry No. 4) filed in Civil Action No. 4:06-1178-RBH-TER on April 25, 2006, the undersigned authorized service of the "Emergency

---

(...continued)
L.Ed.2d 329, 118 S.Ct. 1200, 1998 U.S. LEXIS® 1745 (1998).

The United States Court of Appeals for the Fourth Circuit has also addressed similar issues. *See* Whittlesey v. Circuit Court for Baltimore County, 897 F.2d 143, 1990 U.S.App. LEXIS® 2860 (4th Cir.), *cert. denied*, 498 U.S. 922, 112 L.Ed.2d 253, 111 S.Ct. 300, 1990 U.S. LEXIS® 5274 (1990). In Whittlesey, the Court, when addressing a Florida prisoner's claim that his Florida sentence would long postpone his opportunity to get to Maryland for a state proceeding to file a collateral attack upon his armed robbery conviction, pointed out that the doors of the courts of Maryland were open for the petitioner, and that his inability to enter through those doors until completion of his Florida sentence was the price he must pay for having escaped from a Maryland prison and subsequently committing crimes in Florida:

> * * *Here, Whittlesey cannot expect federal courts to rescue him from the consequences of his escape and subsequent commission of crimes.
>
> Whittlesey maintains that there are no state remedies available to him; however, this simply is not the case. The doors of the Maryland state courts stand open for him to present his complaints; that he is unable to enter through those doors until completion of his Florida sentence is the price he must pay for having escaped from the Maryland prison and committed offenses in Florida. It is his own criminal misconduct which has denied Maryland courts the opportunity to hold a hearing, develop a record, and thereby address his claims on the merits. We will not command the district court to review his habeas petition when his own unlawful acts have prevented the state courts from reviewing his claims

Whittlesey v. Circuit Court for Baltimore County, *supra*, 897 F.2d at 145 (footnote omitted).

Petition" filed in Civil Action No. 4:06-1178-RBH-TER upon the Attorney General of New Jersey, the Warden of FCI-Estill, and the United States Attorney for the District of South Carolina. The petitioner will have a full opportunity to litigate his "IAD" claims and his specific request for a pre-transfer hearing under Cuyler v. Adams, 449 U.S. 433 (1981), in Civil Action No. 4:06-1178-RBH-TER. In fact, in Civil Action No. 4:06-1178-RBH-TER, the Warden of FCI-Estill or the United States Attorney have been directed to respond to the petitioner's request for a hearing under Cuyler v. Adams by May 1, 2006. See Order (Entry No. 4) filed in Civil Action No. 4:06-1178-RBH-TER, at page 4.

This court may take judicial notice of Civil Action No. 4:06-1178-RBH-TER. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit

to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal because the claims raised in the above-captioned case are the subject of Civil Action No. 4:06-1178-RBH-TER. See Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296.

Since the petitioner has not been convicted in the State of New Jersey and, hence, has yet to exhaust at least three viable state court remedies — a criminal trial, a direct appeal, and (if necessary) an application for post-conviction relief, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies in New Jersey. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaus-

tion, but should dismiss the petition." *See also* Pitchess v. Davis, 421 U.S. 482, 490 (1975); and Lawson v. Dixon, 3 F.3d 743, 749 n. 4, 1993 U.S.App. LEXIS® 21646 (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, 127 L.Ed.2d 556, 114 S.Ct. 1208, 1994 U.S. LEXIS® 1917 (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

# *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and *without requiring the respondents to file a return*. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995

U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. I also recommend that the petitioner's motion for a temporary restraining order and preliminary injunction (Entry No. 3) **be denied** because the petitioner's "IAD" and Cuyler v. Adams claims are the subject of a pending civil action, Michael R. Ray v. State of New Jersey, *et al.*, Civil Action No. 4:06-1178-RBH-TER, in which service upon the respondents was authorized on April 25, 2006. The petitioner's attention is directed to the notice on the next page.

                                              Respectfully submitted,

                                              s/Thomas E. Rogers, III  
May 5, 2006                         Thomas E. Rogers, III  
Florence, South Carolina       United States Magistrate Judge

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
# The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**
