UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael R. Ray, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C/A No.: 4:06-cv-1201-RBH |
| | ) | |
| Matthew B. Hamidullah, | ) | |
| Federal Bureau of Prisons, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| Michael R. Ray, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C/A No.: 4:06-cv-1178-RBH |
| | ) | |
| State of New Jersey, | ) | |
| Matthew B. Hamidullah, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**ORDER**

Petitioner, appearing *pro se*, is a federal prisoner seeking habeas corpus relief under 28 U.S.C. §§ 2241[1] and 2254[2] regarding pending criminal charges in state court in New Jersey and alleged violations of the Interstate Agreement on Detainers Act ("IAD"). Petitioner's §§ 2241 and 2254 actions arise from the same set of facts and circumstances; therefore, the court has combined the actions for the sole purpose of this Order. Petitioner instituted these actions

---

[1] *Michael R. Ray v. State of New Jersey, Matthew B. Hamidullah*, C/A No.: 4:06-cv-1178-RBH.

[2] *Michael R. Ray v. Matthew B. Hamidullah, Federal Bureau of Prisons*, C/A No.: 4:06-cv-1201-RBH.

to challenge the New Jersey state court indictments and seek a "pre-transfer" hearing before his transfer to the state of New Jersey from federal custody.

Petitioner initiated his § 2254 petition in the United States Court of Appeals for the Fourth Circuit on March 30, 2006. On April 13, 2006, a panel of the Fourth Circuit Court of Appeals granted the Petitioner *in forma pauperis* status. Petitioner's petition was filed in the United States District Court for the District of South Carolina on April 21, 2006.

Petitioner's § 2254 petition seeks the following relief: 1) that the indictments in the State of New Jersey be dismissed with prejudice; 2) that in the event the New Jersey indictments are not dismissed, that the pending federal court proceedings relating to the New Jersey indictments be allowed to proceed, and become final, prior to the Petitioner's transfer from federal custody to the State of New Jersey; and/or 3) that in the event the Petitioner is eventually transferred from federal custody to the State of New Jersey that the Petitioner be afforded a "pre-transfer hearing" in accordance with *Cuyler v. Adams*, 449 U.S. 433 (1981).

Petitioner's § 2241 petition was filed on April 20, 2006 as an Emergency Petition for Pre-transfer Hearing. On April 25, 2006, the Magistrate Judge directed the clerk of court to docket the Petitioner's Emergency Petition as a § 2241 petition. Petitioner's § 2241 petition simply seeks a "pre-transfer" hearing under *Cuyler v. Adams*, 449 U.S. 433 (1981) before his transfer to the state of New Jersey from federal custody.

These matters are before the court following the Report and Recommendation of United States Magistrate Judge, Thomas E. Rogers, III.

With regard to the § 2254 action, the Report and Recommendation was filed on May 5, 2006. On June 6, 2006, Petitioner filed objections to the Magistrate Judge's Report and

2

Recommendation.  On June 9, 2006, Petitioner filed an Amendment to his Objections to the Magistrate Judge's Report and Recommendation.  On October 10, 2006, Petitioner filed a Request for Permission to Supplement the Pleadings with Relevant Documentary Evidence.

With regard to the § 2241 action, a Motion to Dismiss was filed by the Respondent, Matthew B. Hamidullah, on May 1, 2006.  On June 5 and 6, 2006, Petitioner filed responses to the Motion to Dismiss.  The Report and Recommendation was filed on January 11, 2007.  On January 29, 2007, Petitioner filed Objections to the Magistrate Judge's Report and Recommendation.  Also on January 29, 2007, Petitioner filed a Motion to Strike erroneous portions of the Magistrate Judge's Report and Recommendation.

## Scope of Review

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 these matters come before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III.  The Magistrate Judge makes only a recommendation to the court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made.  However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the Magistrate

3

Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## Discussion

<u>New Jersey State Court Indictments</u>

Grounds Four and Five of the Petitioner's § 2254 petition concern the New Jersey state court indictments. Petitioner requests that this court dismiss the New Jersey state court indictments because, according to the Petitioner, the indictments were obtained from information procured from the Petitioner's sealed federal presentence investigation report.

The Petitioner's sole federal remedies in challenging the New Jersey state court indictments are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

This court agrees with the Magistrate Judge that before the Petitioner can challenge the New Jersey state court indictments in federal court, he must first exhaust his state court remedies.[3] This court, thus, incorporates by reference the Magistrate Judge's statement of the law and reasoning found on pages 5-8 of the Magistrate Judge's Report and Recommendation.

_____

[3] In addition to *Michael R. Ray v. Matthew B. Hamidullah, Federal Bureau of Prisons*, C/A No.: 4:06-cv-1201-RBH and *Michael R. Ray v. The State of New Jersey, et al.*, Civil Action No. 4:06-1178-RBH, Petitioner has at least three other federal court cases which relate to the New Jersey state court indictments and/or his transfer to the state of New Jersey from federal custody. *See Michael R. Ray v. State of New Jersey, et al.*, Third Circuit Court of Appeals Docket No.: 06-1521 (appeal of § 1983 action regarding dissemination of sealed federal presentence investigation report); *Michael R. Ray v. Merline, et al.*, U.S. District Court, Dist. of New Jersey, Civil Action No.: 1:06-cv-3040-JBS (habeas corpus petition under 28 U.S.C. § 2241); *United States v. Ray*, U.S. District Court, Dist. of S.C., Criminal No.: 4:02-cr-0687 (Motion for Preliminary Injunction regarding unauthorized dissemination of sealed federal presentence investigation report).

4

*See Michael R. Ray v. Matthew B. Hamidullah, Federal Bureau of Prisons*, C/A No.: 4:06-cv-1201-RBH. Docket Entry #11, Report and Recommendation, pgs. 5-8. Therefore, this claim for relief should be dismissed without prejudice based on the Petitioner's failure to exhaust state court remedies. The court has reviewed the Petitioner's objections regarding the Magistrate's recommendation that his claims challenging the New Jersey state court indictments should be dismissed and finds that they are without merit.

<u>Transfer from Federal Custody to the State of New Jersey</u>

Grounds One, Two, and Three of Petitioner's § 2254 petition and his § 2241 petition relate to his transfer from federal custody to the state of New Jersey.

In Ground One of Petitioner's § 2254 petition, Petitioner states that his constitutional rights are being violated in that he is not being given a "pre-transfer" hearing as required by the Supreme Court in *Cuyler v. Adams*, 449 U.S. 433. In Ground Two of Petitioner's § 2254 petition, Petitioner states that he should not be transferred to the state of New Jersey until his pending federal court cases challenging the dissemination of his federal presentence report are resolved. *See Michael R. Ray v. State of New Jersey, et al.*, Third Circuit Court of Appeals Docket No.: 06-1521; *Michael R. Ray v. Merline, et al.*, U.S. District Court, Dist. of New Jersey, Civil Action No.: 1:06-cv-3040-JBS; *United States v. Ray*, U.S. District Court, Dist. of S.C., Criminal No.: 4:02-cr-0687. In Ground Three of Petitioner's § 2254 petition, Petitioner states that his temporary transfer to the state of New Jersey is improper because the transfer would interrupt the effective rehabilitation of the Petitioner at his original place of confinement, FCI Estill. Petitioner's § 2241 petition seeks a "pre-transfer" hearing under *Cuyler v. Adams*, 449 U.S. 433, before his transfer to the state of New Jersey from federal

5

custody.

According to the Notices of Change of Address filed by the Petitioner, the Petitioner was transferred to New Jersey on or about May 11, 2006, and was returned to federal custody at FCI Estill on or about September 26, 2006. While in New Jersey, Petitioner pled guilty to the New Jersey indictments and was sentenced.[4] Because the Petitioner has already been transferred to New Jersey, convicted and sentenced, and returned to federal custody, Petitioner's claims seeking a "pre-transfer" hearing are moot.

The Respondent, Matthew Hamidullah, argues in his motion to dismiss filed in the § 2241 action that the Petitioner is not entitled to a "pre-transfer" hearing under *Cuyler* because the United States has not adopted the Uniform Criminal Extradition Act. *See e.g. Wilson v. Fenton*, 684 F.2d 249, 252 (3d Cir. 1982); *Mann v. Warden of Eglin Air Force Base*, 771 F.2d 1453, 1454 (11th Cir.1985); *Sorenson v. United States*, 539 F. Supp. 865, 866 (S.D.N.Y.1982); *Lynch v. Menifee*, No. 02-civ-5219, 2004 WL 1738888, at *7 (S.D.N.Y. Aug. 4, 2004). However, the Bureau of Prisons IAD Form V - Request for Temporary Custody, which was filled out by the New Jersey Deputy Attorney General, states that "[p]rior to transfer under this Agreement, an Inmate may be afford a judicial hearing (Cuyler) similar to that provided under the Uniform Extradition Act, in which the inmate may bring a limited challenge to the receiving state's request." *See* Petitioner's Objections to Report and Recommendation, Appendix B, Docket Entry # 20, *Michael R. Ray v. State of New Jersey, Matthew B. Hamidullah*, C/A No.: 4:06-cv-1178-RBH. This Bureau of Prisons document seems to

---

[4] Petitioner pled guilty reserving his rights under the Interstate Agreement on Detainers Act and *Cuyler*, 449 U.S. 433.

contradict the position taken by the Respondent and it appears from this document that, at the very least, Bureau of Prisons policy provides for a "pre-transfer" hearing under *Cuyler*.[5] Nevertheless, because the Petitioner has already been transferred to the state of New Jersey, pled guilty, been sentenced, and returned to federal custody, his claims are moot.[6]  The court has reviewed the Petitioner's objections regarding his IAD claims and the Magistrate Judge's recommendation that they are moot and finds that Petitioner's objections are without merit.

### Conclusion

For the reasons stated above, this court overrules Petitioner's objections and adopts the Report and Recommendation as modified by this Order and incorporates it herein by reference. Accordingly, Petitioner's § 2254 petition is **DISMISSED** without prejudice and without requiring the respondents to file an answer.  Petitioner's § 2241 petition is also **DISMISSED** without prejudice.  Furthermore, the Petitioner's Request for Permission to Supplement the Pleadings with Relevant Documentary Evidence is **DENIED** and all other pending motions in

---

[5] It is not necessary for this court to determine whether the Petitioner is entitled to a "pre-transfer" hearing under *Cuyler* because his IAD claims are moot.

[6] Not only are Petitioner's IAD claims moot, but courts have held that a procedurally defective extradition proceeding normally does not amount to a fundamental defect entitling a prisoner to collateral relief from his conviction. *See Huntt v. Russell*, 285 F. Supp. 765, 767 (E.D. Pa. 1968), *aff'd*, 406 F.2d 774 (3d Cir. 1969) (per curiam); *Weddell v. Meierhenry*, 636 F.2d 211, 214-15 (8th Cir. 1980); *Houston v. Lane*, 501 F. Supp. 5, 6 (E.D. Tenn. 1978), *aff'd*, 636 F.2d 1217 (6th Cir. 1980); *Barton v. Malley*, 626 F.2d 151, 160 (10th Cir. 1980). Additionally, in *Shack v. Attorney General of State of Pennsylvania*, the Third Circuit Court of Appeals held that the failure of the sending jurisdiction to provide the prisoner with a "pre-transfer" hearing did not amount to a fundamental defect noting that "Congress has not legislatively rendered the failure to provide a pre-transfer hearing a fundamental defect." *Shack*, 776 F.2d 1170, 1173 (3d Cir. 1985).

these cases are **DENIED** as moot.

Florence, South Carolina                              s/ R. Bryan Harwell
February 6, 2007                                     R. Bryan Harwell
                                                     United States District Judge